# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| TERRELL CASON, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) CAUSE NO. 3:06-CV-0228 AS |
| JOHN WEBB, Captain, JOHN KEEFE, Sergeant, JOHN KNAPPE, Sergeant, JOHN TATUM, Sergeant, JOHN MORGAN, Captain, JOHN SWEDERSKY, Officer, JOHN SCOTT, Officer, CECIL DAVIS, Superintendent, DAWN BUSS, Assistant Superintendent, | ) |
| Defendants. | ) |

## *OPINION AND ORDER*

Terrell Cason, a prisoner currently confined at the Pendleton Correctional Facility, submitted a complaint under 42 U.S.C. § 1983, alleging that Indiana State Prison officials violated his federally protected rights while he was housed there. The court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts apply the same standard under § 1915A as when addressing a motion under Fed. R. Civ. P. 12(b)(6) to dismiss a complaint. *Weiss v. Colley*, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.

> In order to state a cause of action under 42 U.S.C.§ 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Cason brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

Mr. Cason alleges that on April 14, 2004, Correctional Officers John Webb, John Keefe, John Knappe, and John Tatum attacked and injured him in retaliation for a prior alleged battery on staff. Then they took him to a cell in the Special Management Unit ("SMU") where he remained for several hours, naked and shackled. He remained in the small, cold cell for several days under the control of Captain John Morgan and Officer John Swedersky, who refused to give him clothing, bedding, or toiletries.

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991).

"Fed. R. Civ. P. 8 establishes a system of notice pleading," and a complaint may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998), quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Giving Mr. Cason the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say that he can prove no set of set of facts consistent with his excessive use of force claims under the standards set forth in *Hudson v. McMillian*, 503 U.S. 1 (1992), or with his conditions of confinement claim dealing with his treatment while he was housed in the SMU.

Mr. Cason alleges that while he was confined in the SMU, Property Room Officer John Scott failed to secure his personal belongings, resulting in the loss of much of his property. He also asserts that Superintendent Cecil Davis and Assistant Superintendent Dawn Buss were ultimately responsible for ensuring that his property was properly secured.

Mr. Cason does not allege that defendants Davis and Buss had any personal involvement in handling his property. Section 1983 creates a cause of action for

3

damages based on personal liability. A plaintiff must show the defendant's personal involvement or participation, or direct responsibility for the conditions of which he complains, *Starzenski v. City of Elkhart*, 87 F.3d 872, 879 (7th Cir. 1996), by demonstrating a causal link between the defendant's conduct and the plaintiff's injury. *Benson v. Cady*, 761 F. 2d 335, 339 (7th Cir. 1985). The doctrine of *respondeat superior*, which allows a superior to be held liable for subordinates' actions in some types of cases, has no application to § 1983 actions. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001); *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993).

The Fourteenth Amendment's due process clause provides that the states shall not "deprive any person of life, liberty, or property, without due process of law." But there is no loss of property without due process of law if a state provides an adequate postdeprivation remedy for the loss. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Hudson v. Palmer*, 468 U.S. 517 (1984). The Indiana tort claims act provides a sufficient remedy for loss of personal property. *Hossman v. Spradlin*, 812 F.2d 1019, 1023 (7th Cir. 1987); *Wilson v. Civil Township of Clayton*, 839 F.2d 375 (7th Cir. 1988). Accordingly, the court will dismiss Mr. Cason's Fourteenth Amendment property claim without prejudice to his ability to seek relief in state court.

For the foregoing reasons, the court:

(1) **GRANTS** the plaintiff leave to proceed against defendants John Webb, John Keefe, John Knappe, John Tatum, John Morgan and John

Swedersky in their personal capacities for damages on his Eighth Amendment claims;

(2) Pursuant to 28 U.S.C. § 1915A(b)(1); **DISMISSES** defendants Cecil Davis, Dawn Buss, and John Scott, and **DISMISSES** all claims except for the plaintiff's Eighth Amendment personal capacity damage claims against defendants Webb, Keefe, Knappe, Tatum, Morgan and Swedersky. The court **DISMISSES** the plaintiff's property loss claim without prejudice to his right to seek relief in state court;

(3) Pursuant to 42 U.S.C. § 1997e(g)(2), **ORDERS** that defendants Webb, Keefe, Knappe, Tatum, Morgan and Swedersky respond to the complaint as provided for in the Federal Rules of Civil Procedure; and

(4) **DIRECTS** the marshals service to effect service of process on defendants Webb, Keefe, Knappe, Tatum, Morgan and Swedersky on the plaintiff's behalf, and **DIRECTS** the clerk's office to ensure that a copy of this order is served on them along with the summons and complaint.

**IT IS SO ORDERED.**

**ENTERED**: May 30 , 2006

                                        **S/ ALLEN SHARP**
                                        **ALLEN SHARP, JUDGE**
                                        **UNITED STATES DISTRICT COURT**