UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **TERRELL CASON,** | ) |
| Plaintiff, | ) |
| vs. | ) CAUSE NO. 3:06-CV-0228 AS |
| **JOHN WEBB,** *et al.*, | ) |
| Defendants. | ) |

*OPINION AND ORDER*

Terrell Cason, a prisoner committed to the Indiana Department of Correction ("IDOC"), submitted a complaint under 42 U.S.C. § 1983, alleging that Indiana State Prison officials violated his federally protected rights. The court screened the amended complaint pursuant to 28 U.S.C. § 1915A, dismissed several defendants, and allowed Mr. Cason to proceed against Correctional Officers John Webb, John Keefe, John Knappe, and John Tatum on his claim that they attacked and injured him, on his claim that they took him to a cell in the Special Management Unit where he remained for several hours, naked and shackled, and on his claim that he remained in the small, cold cell for several days under the control of Captain John Morgan (later identified as H. Morton), and Officer John Swedersky, who refused to give him clothing, bedding, or toiletries.

The defendants have filed a partial motion for summary judgment on the question of whether Mr. Cason exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a) on his claims related to the Special Management unit.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Although the moving party must initially identify the basis for its contention that

> no genuine issue of material fact exists, the nonmoving party cannot rest on his pleadings, but must produce his own evidence. *Hughes v. Joliet Correctional Ctr.*, 931 F.2d 425, 428 (7th Cir. 1991). Rule 56(e) requires that the nonmoving party who bears the burden of proof on an issue for trial allege specific facts showing that there is a genuine issue for trial by his own affidavits or by the depositions, answers to interrogatories, and admissions on file. *Celotex Corp.,* 477 U.S. at 324.
>
> . . . In considering whether any genuine issues of material fact exist, we view the record and extract all reasonable inferences from the evidence in the light most favorable to the nonmoving party. However, the nonmoving party "must do more than simply show that there exists some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Only disputes that could affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.

*McGinn v. Burlington Northern R.R. Co.*, 102 F.3d 295, 298 (7th Cir. 1996).

Pursuant to 42 U.S.C. § 1997e(a), prisoners must utilize any available prison grievance procedure before they may file a § 1983 claim regarding conditions of confinement. *Booth v. Churner*, 532 U.S. 731 (2001); *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, 537 (7th Cir. 1999). Section 1997e "applies to 'all inmate suits, whether they involve general conditions or particular episodes, and whether they allege excessive force or some other wrong.'" *Dixon v. Page*, 291 F.3d 485, 488 (7th Cir. 2002), quoting *Porter v. Nussle*, 534 U.S. 516, 122 (2002). "For a prisoner to exhaust his remedies within the meaning of § 1997e(a), he must 'file complaints and appeals in the place, and at the time, the prison's administrative rules require.'" *Burrell v. Powers,* 431 F.3d. 282, 285 (7th Cir. 2005), quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Exhaustion of administrative remedies is a condition precedent to suit in federal court. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d at 335.

Although not depriving the courts of subject-matter jurisdiction, the comprehensive administrative exhaustion requirement requires dismissal of any case in which an available administrative remedy has not been exhausted. *Massey v. Wheeler*, 221 F.3d 1030 (7th Cir. 2000). Dismissal of a complaint pursuant to 28 U.S.C. § 1997e(a) should be without prejudice. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d at 534.

In support of their partial summary judgment motion, the defendants submit the affidavits of IDOC grievance officials Karen Sabinske and Nell Hayes. These submissions establish that the Indiana Department of Correction had a grievance procedure in effect when the incidents Mr. Cason complains of occurred and that the claims he presented in his complaint were grievable. According to these grievance officials their records suggest that Mr. Cason filed no grievance dealing with the conditions of confinement claims in the Special Management Unit.

Because the defendants met their initial obligation under Fed. R. Civ. P. 56, the burden shifts to Mr. Cason to come forth with evidence sufficient, if viewed as fully in his favor as reasonable, would allow a factfinder to decide in his favor the question of whether he attempted to grieve the alleged conditions in the Special Management Unit. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Mr. Cason has not provided such evidence and has not met his burden of coming forth with evidence sufficient which, if viewed reasonably in his favor, would allow the court to decide the question of exhaustion of administrative remedies in his favor.

For the foregoing reasons, the court **GRANTS** the defendants' partial motion for summary judgment (docket #32), **DISMISSES** the claim that the plaintiff was placed in a cell in the Special Management Unit for several hours, naked and shackled, **DISMISSES** his claim that he remained in the small, cold cell for several days under the control of defendants Morgan and Swedersky, who refused to give him clothing, bedding, or toiletries, and **DISMISSES** defendants H. Morton and John Sedersky without prejudice pursuant to 28 U.S.C. § 1997e(a). This case remains before the court on the plaintiff's excessive use of force claim against defendants John Webb, John Keefe, John Knappe, and John Tatum

**IT IS SO ORDERED.**

**DATED**: December 21, 2006

                                                                         **S/ ALLEN SHARP**
                                                                         **ALLEN SHARP, JUDGE**
                                                                         **UNITED STATES DISTRICT COURT**